## JONES, BENJAMIN & Co. vs. HENRY DALBY.

*Fi. Fa., on Foreclosure of Mortgage—and Levy and Claim by Eliza- beth Wilcher.    Verdict for Claimant.*

In Claim cases, the sayings of the defendant, in execution, prior to his being defendant, may be given in evidence, to sustain the title of the claimant—such sayings being presumptively against his interest.

Motion for a new trial, upon the following grounds :

1st.  That the Court erred, in admitting as evidence, the declara- tions of the defendant, in execution, in relation to the claimant's right to the property levied on.

2nd.  That the Court erred, in admitting as evidence, the declara- tions of the defendant, and his refusal to do acts, in relation to the property levied on, after the date of the plaintiffs' mortgage.

The question here presented, is not whether the sayings of the de- fendant, after the relation of plaintiff and defendant has been created, can be given in evidence for the claimant ; as that question has been decided by the Judges :  But, whether the defendant, whilst he was merely a *debtor*, his acts and admissions may not be given in evi- dence, for the claimant, in relation to the property levied on—the Judges admit, that, according to the rules of evidence, he might be admitted, as he would be swearing against his interest ; but, after he becomes a defendant, his interest is sometimes for the claimant, and at other times, against him, and therefore they have thought it a more safe rule to reject his sayings for either party : but the defend- ant's acts, in relation to the property, have uniformly been admitted, for either party ; and the defendant has been considered such a party to the claim, that he could not be sworn as a witness:  But, prior to his being a *defendant*, there is no rule of evidence which will exclude his sayings, if against his ownership of the property, and the case will be governed by the usual rules of evidence, prior to his being a *defendant*—although he may be indebted at the time.    In this case, the sayings of the defendant, *Dalby*, were only allowed by the Court, before he was a *defendant*—he being only indebted to the plaintiff at

[Jones, Benjamin & Co. vs. Dalby.]

the time, and not then a *defendant.* If a contrary rule were to prevail, a debtor having sold personal property to another, without a bill of sale, it would deprive the claimant of proof of such sale by *parole,* if a party, who happens to be indebted, sold it to him, though no judgment be against him ; and the same rule would prevail, if he had the property of another in his possession, and to which he never laid any claim, if the admissions of the party in possession, prior to his being a *defendant,* were refused—and it is a very clear rule of evidence, and a rule of Law, that the claim of the creditor cannot be of higher or more binding effect, than that of the debtor through whom he claims, (except in the case of voluntary conveyances,) where the creditor may set aside such conveyance, when the debtor could not.

But, as between the defendant and a third person, and before he became a defendant, his acts and sayings in relation to the property claimed by, or through, him, would be competent evidence to go to a Jury ; and particularly in a case like the present, where fraud, or no fraud, is purely a question of *fact* for the decision of the *Jury :* and as fraud is frequently made up, or resisted by many acts, the Court should not withhold from the Jury, any evidence which may have a bearing on the case, unless forbidden by some well defined rule of evidence.

It is the decision of this Court, for the reasons above assigned, that it did not err, in admitting the sayings of *Dalby,* before he was placed in the *situation* of a *defendant,* to go to the Jury. And a new trial is, therefore, refused.

Messrs. MILLER's, *for the Plaintiff.* GEORGE SCHLEY, *for the Claimant.*

JOHN SHLY, JUDGE
*Superior Courts, Middle District, Georgia.*